IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACFONE WIRELESS, INC., a Delaware Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:07-CV-1770-M |
| RICK W. STONE, SR., et al., | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Defendant Rick Stone's Motion to Dismiss and Plaintiff Tracfone Wireless's Motion to Dismiss Defendant's Counterclaim. Because the Court finds that jurisdiction and venue are proper, and that there is federal question jurisdiction and supplemental jurisdiction over state law claims, the Defendant's Motion to Dismiss is DENIED. Because Defendant has failed in his counterclaim to state a claim for defamation or any other claim upon which relief can be granted, the Court GRANTS Plaintiff's Motion to Dismiss the Counterclaim.

I.  Defendant's Motion to Dismiss

Although Defendant did not file a brief in support of his Motion to Dismiss as is required by Local Rule 7.1(a)[1], the Court is construing his motion as a challenge to personal jurisdiction, venue, and subject matter jurisdiction. In considering a motion to dismiss, "the allegations in the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase*

---

[1] Although Defendant is appearing *pro se*, Local Rule 83.14 mandates: "Any party proceeding on the party's own behalf is considered pro se. Pro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure."

1

*Bank, NA*, 467 F.3d 466 (5th Cir. 2006). Because the Defendant is proceeding *pro se*, the Court will hold his pleadings to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A.     Personal Jurisdiction

Defendant is a resident of Oklahoma and claims that this Court lacks personal jurisdiction over him. When a nonresident defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). When no evidentiary hearing is held, the plaintiff may satisfy its burden by presenting a prima facie case for jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867–68 (5th Cir. 2001). When determining whether the plaintiff has made a prima facie case, the Complaint's uncontradicted facts must be taken as true, and all factual conflicts must be resolved in the plaintiff's favor. *Id.* In making its determination, the court may consider any affidavits, interrogatories, deposition testimony, or other recognized discovery method. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). The court is not, however, required to consider conclusory allegations. *Panda Brandywine Corp.*, 253 F.3d at 869.

Personal jurisdiction is proper only when (1) the Texas long arm statute provides a basis for jurisdiction, and (2) the exercise of jurisdiction is consistent with due process. *Revell v. Lidow*, 317 F.3d 467, 469 (5th Cir. 2002). The Texas long arm statute reaches to the limits of due process; the court therefore need only determine whether the exercise of personal jurisdiction over the defendant is consistent with due process. *Guardian Royal Exch. Assurance v. English China Clays P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

"Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, No. 06-30886, 2008 U.S. App. LEXIS 2668, at *16 (5th Cir. Feb. 6, 2008).

There are two categories of personal jurisdiction: general and specific. General jurisdiction exists "when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Mink v. AAA Development Corp.*, 190 F.3d 333, 336 (5th Cir. 1999) (citations omitted); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984). For specific jurisdiction to exist, the defendant's contacts must be purposefully directed at the forum and the plaintiff's claim must arise out of or be related to those contacts. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Texas long arm statute explicitly authorizes personal jurisdiction over a party who "commits a tort in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2).

In this case, the Plaintiff has demonstrated that there is specific personal jurisdiction over Defendant by submitting an affidavit showing that Defendant, in furtherance of a bulk resale scheme, contracted with and sold hundreds of thousands of dollars of TracFone/NET10 Prepaid Phones to two Texas corporations in Texas. The Plaintiff's affidavit also shows that Defendant took such actions with knowledge that TracFone's trademarks and copyrights would be infringed by those who purchased from Defendant, or by their co-conspirators, who would reprogram and unlock the phones and ship them abroad. These actions are sufficient to constitute a prima facie

case of personal jurisdiction over the Defendant. Likewise, the exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice. Plaintiff has presented a prima facie case that Defendant reached out to, and contracted with, Texas corporations as part of a plan to commit tortious and infringing activities within Texas. The Defendant offered no responsive evidence.

B. Venue

The Defendant argues that venue is improper under 28 U.S.C. § 1391. Section (b) applies here, and states that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff argues that this action fits within the second category, alleging that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

First, Plaintiff argues that by filing a counterclaim and seeking affirmative relief, Defendant waived his right to challenge venue. This is an incorrect statement of the law. "The purpose behind Rule 12(b) is to avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by 'special appearance.'" *Queen Noor, Inc. v. McGinn*, 578 F. Supp. 218, 220 (S.D. Tex. 1984) (quoting *Neifeld v. Steinberg*, 438 F.2d 423 (3rd Cir. 1971)). As the *Queen Noor* court further stated, "no waiver of jurisdictional or venue objections occurs by the filing of a cross-claim, counterclaim or

4

third-party complaint." *Id.*

When a defendant moves under Rule 12(b)(3) to dismiss because of improper venue, the plaintiff bears the burden of sustaining venue in the district in which suit was brought. *Nayani v. Horseshoe Entm't*, No. 06-1540, 2007 U.S. Dist. LEXIS 26430 (N.D. Tex. Apr. 10, 2007) (Lynn, J.). If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts that establish venue. The court must accept uncontroverted facts in a plaintiff's pleadings as true, and resolve any conflicts in the plaintiff's favor.

Here the Plaintiff alleges that Defendant sold and delivered hundreds of thousands of dollars of TracFone/NET10 Prepaid Phones to Texas corporations in this district over a period of one year. Plaintiff alleges that the phones sold by Defendant either infringed on TracFone's trademarks and copyrights or were sent to this district as part of a conspiracy to infringe on TracFone's trademarks and copyrights, and that TracFone was injured as a result. The Court finds that venue is proper in this district under 28 U.S.C. § 1391(b)(2).

C.  Federal Question Jurisdiction

Defendant asserts that 28 U.S.C. § 1331 dictates that there is "no standing in federal court" because there is no federal question. However, district courts have original jurisdiction "of any civil action arising under an Act of Congress relating to . . . copyrights and trademarks." 28 U.S.C. § 1338(a). Plaintiff alleges violations of TracFone's trademarks and copyrights in counts 2, 3, 5, 6, 7, and 8 of its Complaint. The Court finds federal question jurisdiction to exist.

D.  Supplemental Jurisdiction

Defendant asserts that "[n]o state law [sic] have been violated also no standing in federal court." However, TracFone has asserted several state law claims, over which this Court may

5

exercise supplemental jurisdiction, as they are so related to the copyright and trademark claims that form part of the same case or controversy. 28 U.S.C. § 1367. Having original jurisdiction, the Court also possesses supplemental jurisdiction over the state law claims asserted by TracFone.

Because the Court has personal jurisdiction over Defendant, venue in this district is proper, and subject matter jurisdiction exists, with supplemental jurisdiction over state law claims, the Motion to Dismiss is DENIED.

II.     Plaintiff's Motion to Dismiss Counterclaim

Defendant filed a counterclaim along with his Answer,[2] alleging that TracFone "defamed the defendants [sic] By telling retailers that we were supplying pre paid phones to terrorist [sic] for the purpose of exploding IED [sic] against our military overseas." From the limited language of the counterclaim, the Court finds only a defamation claim arguably stated.

To survive a motion to dismiss, the claimant's pleadings must include only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotations and citations omitted). The "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

---

[2]Defendant labels his counterclaim a "cross-claim," and also names "Wal-Mart, Sam's Wholesale Club, Target Stores, Family Dollar, Dollar General Stores, Pamida and Shopco" in the header and in the prayer for relief, but not in the statement of his claims. Because those parties have not been served or otherwise notified of this action, the Court will treat Defendant's "cross-claim" as a counterclaim insofar as it purports to assert a claim against Plaintiff TracFone Wireless, Inc.

Defendant is a resident of Oklahoma, and the Plaintiff alleges that he sold prepaid phones purchased from retailers in bulk to corporations in Texas. It is unclear whether Defendant purchased those phones in Oklahoma, Texas, or some combination of the two. Defendant has also not articulated where the alleged defamation occurred: Texas or Oklahoma. In Texas, defamation is "a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006). In Oklahoma, "a private figure must prove (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." *Trice v. Burress*, 137 P.3d 1253, 1257 (Okla. Civ. App. 2006).

Defendant has not pleaded the elements of defamation sufficiently to give the Plaintiff fair notice of his claim and the grounds on which it is based. Defendant does not plead what the statements were, where the alleged defamation occurred, who made the allegedly defamatory statements, or when. Defendant does not state sufficiently any other claim upon which relief can be granted. The Plaintiff's Motion to Dismiss the Counterclaim is therefore GRANTED. If the Defendant is able to state a claim, he may file a motion for leave to amend his counterclaim.

**SO ORDERED.**

**DATED**: February 26, 2008.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**